UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILORAD OLIC,<br><br>        Petitioner,<br><br>   v.<br><br>JOE A. LIZARRAGA, Warden,<br><br>        Respondent. | No. 2:17-cv-0156 MCE AC P<br><br>FINDINGS AND RECOMMENDATIONS |

I.     Introduction

Petitioner is a state prisoner proceeding pro se and in forma pauperis with this habeas corpus action filed pursuant to 28 U.S.C. § 2254. See ECF No. 1. Petitioner, who is serving a life sentence, challenges the merits of his November 7, 2014 disciplinary conviction.[1]

Pending before the court is respondent's motion to dismiss this action on the ground that petitioner commenced it beyond the one-year statute of limitations established by the

---

[1] The court noted, upon screening the petition, that petitioner's claim may be barred by Nettles v. Grounds, 830 F.3d 922 (9th Cir. 2016) (en banc), in which the Ninth Circuit Court of Appeals held that a habeas petition is an appropriate vehicle for challenging a disciplinary conviction only if success on the petition would necessarily impact the fact or duration of petitioner's confinement. Because this assessment could not be made on the face of the petition alone, the court directed respondent to file a response to the petition. See ECF No. 9. Because defendant chose to respond with a motion to dismiss for untimeliness, and did not address the Nettles issue, these findings and recommendations are limited to the issue of timeliness.

1

Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2244(d). ECF No. 15. Petitioner filed an opposition to the motion, ECF No. 16; respondent replied, ECF No. 17. The court ordered additional briefing, ECF No. 20, which the parties provided, ECF Nos. 21, 22.

This matter is referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c). For the reasons that follow, the undersigned recommends that respondent's motion to dismiss be denied.

## II. Chronology

The following dates are pertinent to the court's analysis:

On October 30, 2014, petitioner received a prison disciplinary citation or "Rules Violation Report" (RVR) for "Refusing Assigned Housing/Obstructing a P.O. [Peace Officer]. See ECF No. 1 at 22-26.

On November 7, 2014, petitioner was found guilty of the charges and assessed a ninety-day credit forfeiture. Id. at 24-25.

On April 28, 2015, petitioner's inmate appeal challenging the guilty finding was administratively exhausted and became final when denied on Third Level Review. Id. at 14-21.

On July 14, 2015, petitioner filed a petition for writ of habeas corpus in the California Supreme Court. See ECF No. 15-1 at 1-27 (Ex. 1). Petitioner bypassed the superior and appellate state courts.

On October 28, 2015, the California Supreme Court denied review, with a citation to In re Dexter (1979) 25 Cal. 3d 921, 925. See ECF No. 15-2 at 1-2 (Ex. 2).

On January 15, 2017, petitioner filed the instant federal habeas petition.[2] See ECF No. 1 at 6, 13.

## III. The Parties' Arguments

Respondent moves to dismiss this action on the ground that it was untimely commenced after expiration of the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(D)

---

[2] The court calculates petitioner's filing dates according to the prison mailbox rule, pursuant to which a document is deemed served or filed on the date a prisoner signs the document (or signs the proof of service, if later) and gives it to prison officials for mailing. See Houston v. Lack, 487 U.S. 266 (1988) (establishing prison mailbox rule); Campbell v. Henry, 614 F.3d 1056, 1059 (9th Cir. 2010) (applying the mailbox rule to both state and federal filings by prisoners).

(limitations period concludes one year after "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.") Respondent contends that even if petitioner is entitled to statutory tolling during the pendency of his state habeas petition, he is not entitled to equitable tolling, and therefore his federal petition was filed beyond the limitations period.

Petitioner contends that he was statutorily entitled to an additional ninety days to file his federal petition, because he had the right during that period of time to file a petition for writ of certiorari in the United States Supreme Court.

Petitioner also contends that he is entitled to equitable tolling for two reasons: (1) because the Clerk of Court "deliberately with criminal intent destroyed [a] copy of this petition and refused to file it twice[,] [f]irst in February 2016 and then in April 2016;" and (2) because petitioner was without his legal property for the period May 2016 to January 2017 due to being transferred from institution to institution. ECF No. 16 at 2.

IV. Legal Standards

A respondent's motion to dismiss, after the court has ordered a response, is reviewed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. See O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (citing White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989)). Pursuant to Rule 4, this court must summarily dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

Under AEDPA, "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). For a state prisoner challenging a final administrative decision, this limitations period commences on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D); see Shelby v. Bartlett, 391 F.3d 1061, 1063-65 (9th Cir. 2004) (citing Redd v. McGrath, 343 F.3d 1077 (9th Cir. 2003), and White v. Lambert, 370 F.3d 1002 (9th Cir. 2004)).

////

| | |
|---|---|
| 1 | The limitations period is statutorily tolled during the time in which "a properly filed |
| 2 | application for State post-conviction or other collateral review with respect to the pertinent |
| 3 | judgment or claim is pending . . . ." 28 U.S.C. § 2244(d)(2).  When pertinent, "[t]he period |
| 4 | between a California lower court's denial of review and the filing of an original petition in a |
| 5 | higher court is tolled – because it is part of a single round of habeas relief – so long as the filing is |
| 6 | timely under California law." Banjo v. Ayers, 614 F.3d 964, 968 (9th Cir. 2010); see also Carey |
| 7 | v. Saffold, 536 U.S. 214, 216-17 (2002).  However, there is no statutory tolling for the period |
| 8 | between a final state court decision and the filing of a federal petition. Duncan v. Walker, 533 |
| 9 | U.S. 167 (2001). |
| 10 | The limitations period may be equitably tolled if a petitioner establishes "'(1) that he has |
| 11 | been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his |
| 12 | way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. |
| 13 | DiGuglielmo, 544 U.S. 408, 418 (2005)).  Petitioner bears the burden of proving application of |
| 14 | equitable tolling. Banjo, 614 F.3d at 967 (citations omitted). |
| 15 |     V.     <u>Analysis</u> |
| 16 |         A.     <u>Statutory Tolling</u> |
| 17 | Petitioner's November 7, 2014 disciplinary finding and credit forfeiture became final on |
| 18 | April 28, 2015, when petitioner's administrative challenge was denied on Third Level Review. |
| 19 | Shelby, 391 F.3d at 1066; see also Mardesich v. Cate, 668 F.3d 1164, 1172 (9th Cir. 2012).  The |
| 20 | one-year limitations period commenced the following day, on April 29, 2015. See Patterson v. |
| 21 | Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001) (commencement of period excludes the day of the |
| 22 | event that triggered the period, by application of Fed. R. Civ. P. 6(a)).  Therefore, absent statutory |
| 23 | or equitable tolling, the one-year limitations period of 28 U.S.C. § 2244(d)(1)(D) expired on April |
| 24 | 28, 2016. |
| 25 | Petitioner is entitled to statutory tolling for the period July 14, 2015 through October 28, |
| 26 | 2015 (107 days), during the pendency of his state habeas petition in the California Supreme |
| 27 | Court.  28 U.S.C. § 2244(d)(2); see also White v. Lambert, 370 F.3d 1002 (9th Cir. 2004) |
| 28 | (California Supreme Court's denial of habeas petition is final immediately upon filing).  This |

statutory tolling extended the limitations period by 107 days, or until August 15, 2016.[3]

Petitioner is not entitled to statutory tolling for the ninety-day period during which he could have filed a petition for writ of certiorari in the United States Supreme Court challenging the California Supreme Court's denial of his habeas petition. See 28 U.S.C. § 2244(d)(2) (statutory tolling authorized only during pendency of state post-conviction or collateral review challenges); Lawrence v. Florida, 549 U.S. 327, 337 (2007) ("the filing of a petition for certiorari before this Court does not toll the statute of limitations under § 2244(d)(2)"); White v. Klitzkie, 281 F.3d 920, 924 (9th Cir. 2002) ("A petition for a writ of certiorari to the United States Supreme Court is simply not an application for state review.").

Accordingly, absent equitable tolling, petitioner had until August 15, 2016 to file the instant federal habeas petition; he filed the petition on January 15, 2017.

### B. Equitable Tolling

Petitioner initially contends that he is entitled to equitable tolling because the "Clerk of this Court . . . deliberately with criminal intent destroyed copy of this petition and refused to file it twice, first in February 2016 and then in April 2016." ECF No. 16 at 2. Petitioner directs the court to the signature page of his instant petition, which bears the dates December 30, 2015 and April 17, 2016, as well as the effective filing date of January 15, 2017. Id. (referencing ECF No. 1 at 6). As proof of his allegations against the Clerk of Court, petitioner refers this court to another of his cases, Olic v. Booth et al., Case No. 2:16-cv-00307 JAM KJN P, a civil rights case. Petitioner states that in Booth he sent receipts for copies made in April 2016 of three habeas petitions and one complaint. It appears that petitioner is referencing his May 16, 2015 filing in Booth (at ECF No. 13). See also ECF No. 22 at 1, 3-5. However, petitioner stated in that filing that he "suspect[ed] that officers working in Building 4 at CMC [California Men's Colony] deliberately destroyed entire envelope [of his legal documents] that was inspected and mailed as confidential mail." (Booth, ECF No. 13 at 1.)

---

[3] Extension of the limitations period by 107 days results in a deadline of Saturday, August 13, 2016. Under the Federal Rules of Civil Procedure, this deadline is automatically extended to Monday, August 15, 2016. See Fed. R. Civ. P. 6(a)(1)(C) (period runs until end of the next day that is not a Saturday, Sunday or holiday).

Neither the referenced filing nor any other evidence submitted by petitioner in the present case support his assertion that his earlier attempts to commence this case were intentionally thwarted by the Clerk of Court. Petitioner made an identical argument in another of his federal habeas cases currently pending before this court, which challenges a separate disciplinary charge (on November 17, 2014) and conviction (on December 9, 2014) for "Obstructing A Peace Office (Refusing Assigned Housing)." See Olic v. v. Lizzaraga, Case No. 2:17-cv-00155 JAM KJN P. (See id., ECF No. 1 at 22-6; ECF No. 16 at 2.) In that case, Magistrate Judge Newman also rejected this argument, finding that "Petitioner offers no evidence supporting his conclusory claim that the Clerk of the Court destroyed or refused to file a petition. The undersigned is not persuaded by this argument for equitable tolling." Id., ECF No. 18 at 4.

Petitioner's second equitable tolling argument, see ECF No. 16 at 2, and ECF No. 22, is that he was without his legal materials from May 2016 until January 2017, also identical to the argument he made in Case No. 2:17-cv-00155 JAM KJN P (id., also at ECF No. 16 at 2) , specifically:

> In May 2016 I was sent to DSH [Department of State Hospitals] without my property as per CDCR regulation and was unable to send copy for the third time. I appealed this issue but I was able to obtain my property in January 2017. Please See Exhibit A. Deadline may be tolled during period in which petitioner lacked access to legal files. Lott v. Mueller (9th Cir. 2002) 304 F.3d 918, 922.

Exhibit A in both cases is a copy of petitioner's inmate appeal, submitted July 4, 2016, alleging that his legal property did not follow him when he was transferred among institutions from November 25, 2015 until December 8, 2016. See ECF No. 16 at 3-8 in both cases. The appeal was granted at First Level Review. The January 30, 2017 decision provided in pertinent part, id. at 3-4 in both cases:

> On November 25, 2015, you were transferred from Salinas Valley State Prison (SVSP) to the California Men's Colony (CMC) for Administrative Segregation Unit (ASU) Enhanced Outpatient Program (EOP) HUB housing. On April 12, 2016, you were transferred from CMC to the Department of State Hospitals (DSH) at the California Healthcare Facility (CHCF). On October 18, 2016, you were transferred from CHCF to SVSP, and on November 9, 2016, you were transferred to the California State Prison-Los Angeles County (LAC). . . . Within your appeal, you assert that

> your property including legal work remained at CMC upon your transfer to the DSH. . . . You request your property, including legal work be mailed to you at LAC.
>
> . . . . [N]o face-to face interview was required as the reviewer decided to grant the appeal in its entirety. [¶] On January 30, 2017, Sergeant J. Jepson conducted an interview with CMC Receiving and Release (R&R) Property Officer M. Millgan . . . [who] stated he mailed you property via Golden State Overnight (GSO) out to LAC on December 7, 2016 . . . [and] GSO's tracking number [] shows your property was delivered to LAC on December 8, 2016.
>
> . . . . When you were transferred to DSH, your property remained at CMC pursuant to policy. On December 7, 2016, CMC mailed your property to LAC . . . [and] delivered to LAC on December 8, 2016. . . . Your appeal is granted.

This appeal decision supports petitioner's contention that he was without his legal materials from April 12, 2016 until at least December 8, 2016 and perhaps as late as January 2017. The Ninth Circuit Court of Appeals has held that "a complete lack of access to a legal file may constitute an extraordinary circumstance, and that it is 'unrealistic to expect a habeas petitioner to prepare and file a meaningful petition on his own within the limitations period without access to his legal file.'" Ramirez v. Yates, 571 F.3d 993, 998 (9th Cir. 2009) (quoting Espinoza-Matthews v. California, 432 F.3d 1021, 1027-28 (9th Cir.2005) (internal alteration and quotations omitted)); accord, Lott, 304 F.3d at 924-25. The undersigned finds that petitioner's lack of access to his legal materials from April to December 2016 constituted an "extraordinary circumstance" that prevented petitioner from timely filing his federal petition by August 15, 2017. Holland, 560 U.S. at 649.

The next inquiry is whether petitioner pursued his rights diligently during this period. The court finds that petitioner was diligent in attempting to obtain his legal materials through the inmate appeal process, and had no other recourse until the appeal was addressed. Petitioner submitted his appeal on July 4, 2016, while at DSH/CHCF; the appeal was transferred to CMC, where it was not addressed in the first instance and resolved until January 2017.

For these reasons, the undersigned finds that petitioner is entitled to equitable tolling during the period he was without his legal materials. Conservatively estimating this period from April 12, 2016 to December 8, 2016, a period of 240 days, the limitations deadline was extended

7

by the same number of days, from August 15, 2016 to April 12, 2017. Therefore, the filing of the instant federal petition, on January 15, 2017, was timely.

Magistrate Judge Newman reached the same result in Olic v. v. Lizzaraga, Case No. 2:17-cv-00155 JAM KJN P (id., ECF No. 18 at 5):

> [P]etitioner diligently sought the return of his legal property through administrative grievances. Accordingly, petitioner is entitled to equitable tolling for the period of time he was denied access to his legal materials. Petitioner also acted diligently in preparing and filing his federal habeas petition after the return of his legal materials. Accordingly, petitioner is entitled to equitable tolling from the date his legal materials were returned to when he filed the instant action on January 15, 2017. For these reasons, the instant action is timely[.]

VI. Conclusion

Accordingly, for the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss, ECF No. 15, be denied.

2. Respondent be directed to file and serve an answer to the petition within thirty days after the district judge adopts these findings and recommendations.

3. Petitioner be directed to file and serve a reply, if any, within thirty days after service of respondent's answer.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 18, 2017

_/s/ Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE