UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILORAD OLIC,<br><br>    Petitioner,<br><br>    v.<br><br>JOE A. LIZARRAGA, Warden,<br><br>    Respondent. | No. 2:17-cv-00156 KJM AC P<br><br>FINDINGS AND RECOMMENDATIONS |

    Petitioner is a California state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The action proceeds on the petition filed on January 23, 2017, ECF No. 1, which challenges a 2014 prison disciplinary finding. Respondent has answered, ECF No. 25, and petitioner has filed a traverse, ECF No. 28.

    I.    <u>Background</u>

    Petitioner is serving an indeterminate life sentence for murder. The petition filed in this court challenges not petitioner's conviction, but a disciplinary finding that he violated prison rules by refusing a cellmate. ECF No. 1 at 1, 7. Petitioner was assessed 90 days of behavior credits. <u>Id.</u> at 12. He contends that the finding of guilt and resulting credit loss are invalid on the grounds that (1) he was not guilty, because his prior single cell status had been illegally revoked; and (2) he was denied a fair hearing in violation of his due process rights. <u>Id.</u> at 7.

////

1

Plaintiff administratively appealed the disciplinary finding. ECF No. 1 at 14-26 (petitioner's Exhibit A) (administrative appeals and related documentation). The Third Level Appeal Decision, which completed the administrative appeal process, is dated April 28, 2015. Id. at 14. Plaintiff filed a petition for writ of habeas corpus in the California Supreme Court, which was denied summarily on October 28, 2015, with citation to In re Dexter, 25 Cal.3d 921, 925 (1979). Id. at 28 (petitioner's Exhibit C).

In this court, the Warden initially responded to the petition with a motion to dismiss on grounds of untimeliness. ECF No. 15. Following supplemental briefing (see ECF Nos. 20, 21, 22), that motion was denied. ECF Nos. 23 (Findings and Recommendations), 24 (order adopting Findings and Recommendations). The Answer asserts lack of habeas jurisdiction and procedural default; respondent also contends that petitioner is not entitled to relief under 28 U.S.C. § 2254(d). ECF No. 25.

II.     This Court Lacks Habeas Jurisdiction

The federal court may entertain only habeas claims that come within the core of federal habeas jurisdiction, Preiser v. Rodriguez, 411 U.S. 475, 487 (1973), meaning claims challenging the validity or duration of a prisoner's confinement, Muhammad v. Close, 540 U.S. 749, 750 (2004); Dominguez v. Kernan, 906 F.3d 1127, 1137 (9th Cir. 2018). Accordingly, challenges to prison disciplinary findings support federal habeas jurisdiction only if the disciplinary action resulted in a credit loss that directly and necessarily affects the duration of confinement. Nettles v. Grounds, 830 F.3d 922, 934-935 (9th Cir. 2016) (en banc), cert. denied 137 S. Ct. 645 (2017); see also Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003) ("habeas jurisdiction is proper where a challenge to the prison conditions would, if successful, necessarily accelerate the prisoner's release.").

The Ninth Circuit held in Nettles, supra, that the district court lacked jurisdiction over the discipline-related claim of a California inmate serving an indeterminate life sentence, because he had not yet been found suitable for parole. Under these circumstances, and because many factors independent of a particular disciplinary infraction can influence future parole suitability determinations, neither expungement of the disciplinary finding nor restoration of lost good-time

credits would necessarily accelerate the inmate's release.  Accordingly, the claim was not cognizable in habeas.  See Nettles, 830 F.3d at 934-935.

Respondent urges that the same result is compelled here, and the undersigned agrees.  Because petitioner is serving an indeterminate life sentence, the disciplinary matter can only affect his release if he has already been found suitable for parole by the Board of Parole Hearings and the credit loss changed his release date.  See id.  That plainly appears not to be the case.  See ECF No. 25 at 50-55 (CDCR Legal Status Summary).  Petitioner does not dispute this.

Instead, petitioner argues that his case is distinguishable from Nettles because the petitioner in that case was an American citizen not subject to deportation, while petitioner here is a non-citizen facing immediate deportation if he is released to parole.  ECF No. 28 at 1-2.  Even if petitioner's immigration detainer and deportability might affect the parole board's view of his case, as petitioner seems to suggest, that does not mean that the 90-day credit loss at issue here has any necessary effect on the duration of his current custody.  They are two different things.  IN any event, petitioner's speculation about what the parole authorities might do is irrelevant.  Because he has not yet been found suitable for parole, and the 90-day credit loss remains but one factor the Board might consider, this case falls squarely within the rule of Nettles.

If petitioner's lost credits were restored, and even if the disciplinary finding were to be expunged, there would be no *direct* and *necessary* effect on his custody.  See Nettles, 830 F.3d at 934-935.  In other words, success in this action would not necessarily accelerate petitioner's release.  See Ramirez, 334 F.3d at 859.  Accordingly, this court lacks jurisdiction to consider the petition and respondent's additional contentions need not be addressed.

## CONCLUSION

For all the reasons explained above, IT IS HEREBY RECOMMENDED that the petition for writ of habeas corpus be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. §636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned

1  "Objections to Magistrate Judge's Findings and Recommendations."  If petitioner files objections,
2  he shall also address whether a certificate of appealability should issue and, if so, why and as to
3  which issues.  See 28 U.S.C. § 2253(c)(2).  Any reply to the objections shall be served and filed
4  within fourteen days after service of the objections.  The parties are advised that failure to file
5  objections within the specified time may waive the right to appeal the District Court's order.
6  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
7  DATED: April 18, 2022

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE